David M. Koehler, as Sole Surviving Partner, etc., Appellant, *v.* Thomas Olsen, Respondent.

*Liquor license — the licensee's interest in, cannot be reached by a creditor's action.*

The interest or right of a debtor in a liquor license, the transfer of which is, by force of section 26 of chapter 401 of the Laws of 1892, entirely dependent upon the permission of the board of excise, and the granting of which permission is optional with the board, is not property which can be reached by a creditor's action.

Appeal by the plaintiff, David M. Koehler, as sole surviving partner of the firm of D. M. Koehler & Son, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 26th day of January, 1893, denying the plaintiff's motion for a continuance of an injunction and the appointment of a receiver *pendente lite.*

*Charles Goldzier*, for the appellant.

Per Curiam :

This action is brought by a judgment creditor, after execution and return, upon a claim that there are certain equitable and other assets possessed by the judgment debtor which he refuses to apply to the satisfaction of the execution. These consist of a lease, fixtures, furniture and license of a liquor saloon in which the defendant is alleged to carry on business.

With respect to this property, other than the license, it could be sold under execution, and as there is no allegation of fraudulent conveyance, or other cloud upon the title of the judgment debtor, resort to a judgment creditor's action is entirely unnecessary.

The only question presented is as to whether or not such an action is justified by the allegation that the debtor is the owner of an excise license which cannot be taken upon execution, and which, therefore, it is necessary to obtain the aid of the court to reach. The solution of whether the action can be maintained for this purpose, and the relief to which the plaintiff thinks himself entitled accorded, must depend upon whether or not we consider such license property and capable of transfer.

Section 26 of chapter 401 of the Laws of 1892 provides: "A board of excise may    *    *    *    grant a written permission to the person or persons who, having a license from said board.    *    *    * 2d. To sell, assign or transfer such license during the term for which it was granted, to any person or persons who may thereupon carry on such business upon the licensed premises during the balance of the term of such license," etc.

The condition precedent to any transfer, as will be seen from this language, is the written permission of the board of excise to the transfer.    It is, therefore, a personal privilege, which is not the subject of assignment or transfer without such permission, and we agree with the view of the judge below, that " it is entirely optional with the Excise Commissioners of Kings county to say whether they will allow a transfer of such license," and that the interest or right which the debtor has in such license is not property which can be reached by a creditor's action, as the court has no power to enforce its transfer.

There being no ground alleged upon which the action itself can be maintained, the incidental provision of relief asked for *pendente lite* of an injunction and receiver was properly refused.    We think, therefore, that the order should be affirmed, with costs.